UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DONNA W. SHERWOOD, *et al.*,   )
                               )
    Plaintiff,             )
                               )  No. 3:12-CV-156
                               )  (VARLAN/GUYTON)
V.                             )
                               )
TENNESSEE VALLEY AUTHORITY,    )
                               )
    Defendant.             )

## MEMORANDUM AND ORDER

This case came before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral orders of the District Judge. Now before the Court are three motions relating to discovery in this matter: Plaintiffs' Motion to Supplement Claimed Administrative Record [Doc. 142], Plaintiffs' Motion to Compel [Doc. 153], and Defendant's Motion for a Protective Order [Doc. 159].

### I.    BACKGROUND

Plaintiffs claim TVA violated various statutes in implementing its policy regarding cutting trees growing on property within electrical easements. The Plaintiffs' Amended Complaint contained Counts I, II, III, IV, and V. In Count II of the Amended, Plaintiffs sought declaratory and injunctive relief based upon TVA's failure to make an environmental impact statement prior to implementing its new policy. Plaintiffs maintain that the failure to obtain an impact statement violated the National Environmental Policy Act ("NEPA").

On September 17, 2012, TVA filed its Motion for Summary Judgment on Count II ("the NEPA Count") of the Second Amended Complaint [Doc. 129]. TVA argued that the thirteen administrative records filed in the case show that TVA complied with NEPA in reviewing its 2012 vegetation maintenance projects. Plaintiffs responded on October 22, 2012, and the Motion is awaiting decision by the District Judge. On October 22, 2012, February 5, 2013, and February 19, 2013, the parties filed the instant motions. All of the motions relate back to the NEPA Count.

On February 19, 2013, the District Judge entered an Order dismissing Counts I, III, and IV in the Complaint. Count V was abandoned. Thus, the NEPA Count is the only remaining count in this case, and on March 11, 2013, the Plaintiffs filed their Third Amended Complaint [Doc. 170], which contains only the NEPA Count.

## II.   ANALYSIS

The Court will address each of the three pending motions in turn.

### A.   Plaintiffs' Motion to Supplement Claimed Administrative Record [Doc. 142]

Plaintiffs move the Court to supplement the "claimed" administrative record with approximately 36 documents listed in Table 142-1. The requested documents include numerous filings from the instant case. Plaintiffs also request that they be allowed to take the depositions of TVA Officers John Hardyman, Aaron Nix, and Jason Regg, as supplemental evidence. Plaintiffs note that this request is related to the Motion for Summary Judgment filed by TVA and refers the Court to its response to the Motion for Summary Judgment. In their Response, Plaintiffs argue that they need dates and other background information to present to the Court the timeline for TVA's decision and other background information. [Doc. 139 at 11-13].

TVA responds that it does not object to the administrative record being supplemented with relevant documents that *were in existence* at the time of TVA's decision. [Doc. 148]. TVA maintains that the Plaintiffs' request should be denied as to any other discovery because they have not shown bad faith on the part of TVA. TVA cites Tennessee Clean Water v. Norton, 3:05-CV-214, 2005 WL 2464675 (E.D. Tenn. Oct. 4, 2005), wherein the Court recognized that the scope of review is limited to the administrative record, which consists of all materials before the agency at the time of the decision. Further, the Court explained, "Supplementation of the record may also be permitted if the plaintiff has made a strong showing of bad faith on the part of the agency." Id. at *6.

Plaintiffs filed a reply, contending that TVA supplemented the administrative record but wants Plaintiffs to be precluded from doing the same. Plaintiffs submit, "The record is a sham, appearing to be complete record in form, but being clearly incomplete in fact." [Doc. 149 at 2].

The Court has considered the parties' positions, and the Court finds that the Plaintiffs' request for discovery is well-taken, in part. It is firmly established that the administrative record in a NEPA action consists of all the materials compiled by the agency that were before the agency at the time of the decision at issue. Sierra Club v. Slater, 120 F.3d 623, 638 (6th Cir. 1997). Supplementation of the administrative record is justified, however, when the court needs background information in order to determine whether the agency considered all relevant factors. Id. The Court finds that the following, limited discovery is appropriate.

First, the Court finds that TVA has agreed to[1] and will be required to produce any documents described in Plaintiffs' Table of Documents [Doc. 142-1] that were in existence at the

---

[1] TVA, in its written response, prefaced its agreement by limiting production to "relevant" documents. TVA did not argue that any of the documents described in the Table of Documents were irrelevant at the hearing. The Court finds that the best practice at this juncture is to order TVA to produce the documents and TVA may make any relevancy objections at trial.

3

time of TVA's decision.  The Court finds that these materials may be part of the administrative record and the Plaintiffs should be allowed to review them.  The Court will, therefore, **GRANT** the Motion to Supplement as to these documents.

Second, the Court finds that the Plaintiff should be given leave to conduct the deposition of John Hardyman.  TVA argues that it filed the seven-page Declaration of John I. Hardyman [Doc. 48], ("Hardyman Declaration"), in the record to provide the Court with appropriate background information about the issues in this case.  The Court finds that the submission of the Hardyman Declaration is appropriate under Sierra Club v. Slater, 120 F.3d at 638, but TVA has not demonstrated that the exception for background information discussed in Slater is somehow unilateral.  The Court finds that TVA opened the door to a deposition of Mr. Hardyman by filing the Hardyman Declaration, and the Court finds that the Plaintiffs should be afforded an opportunity to ask Mr. Hardyman questions relating to the statements in his declaration.  The Court will, therefore, **GRANT** the Motion to Supplement to the extent it moves to compel a deposition of Mr. Hardyman.

To the extent the Motion to Compel seeks discovery beyond the production of the documents discussed above and the deposition of Mr. Hardyman, it will be **DENIED**.  The Court finds that the Plaintiffs should not be granted leave to take general discovery, through interrogatories, requests for production, or depositions.  The Court finds that the Plaintiffs have not shown bad faith on the part of TVA, and therefore, the Court finds broad discovery as is usually afforded under Rule 26 of the Federal Rules of Civil Procedure is not appropriate in this case.

The Motion to Supplement **[Doc. 142]** is **GRANTED IN PART** and **DENIED IN PART**, as stated above.

B.   Plaintiffs' Motion to Compel [Doc. 153]

Plaintiffs submit that on October 22, 2012, they served requests for production requesting sixty-one categories of documents, and TVA responded on November 26, 2012, by stating that each request was "not reasonably calculated to lead to the discovery of admissible evidence" and "unduly burdensome and harassing." [Doc. 153]. With regard to the NEPA Count, TVA again maintains that discovery is not appropriate as to that claim because it is based upon the Administrative Procedure Act and "the Court's review is based on the Administrative Records (AR) which have been filed in this action." [Doc. 158].

For the reasons stated above, the Motion to Compel **[Doc. 153]** is **DENIED**. The Court will allow the Plaintiffs the opportunity to take the deposition of Mr. Hardyman and order TVA to produce certain documents in existence at the time of the administrative review. To the extent the Motion to Compel seeks additional discovery, the Court finds it is not well-taken.

C.   Defendant's Motion for a Protective Order [Doc. 159]

Finally, TVA moves for entry of a protective order deferring the depositions of TVA employees and staying discovery pending the Court's decision on three dispositive motions: Docs. 65, 129, 132. The depositions TVA seeks to quash are: (1) a 30(b)(6) deposition of TVA and (2) deposition of John Hardyman. [Doc. 159-1]. Plaintiffs have responded in opposition. [Doc. 164].

The Motion for Protective Order involves the same positions of the parties discussed above. In addition, TVA argues that depositions should be stayed pending disposition of three dispositive motions. In the time since the Motion for Protective Order was filed, two of the three

5

dispositive motions have been ruled upon. The only pending dispositive motion is the Motion for Summary Judgment on the NEPA Count [Doc. 129].

For the reasons stated above, the Court will allow Plaintiffs to take the deposition of Mr. Hardyman and examine him about the statements made in his declaration. The Motion for Protective Order will be denied as to the deposition of Mr. Hardyman because the Court finds that this deposition may be relevant to the Court's ruling on the pending Motion for Summary Judgment on the NEPA Count [Doc. 129]. Thus, the Motion for Protective Order will be **DENIED**, to the extent it requests a protective order relating to Mr. Hardyman.

The Court finds that a Rule 30(b)(6) deposition is not appropriate in this case, and therefore, the Court will **GRANT** the Motion for Protective Order, to the extent it requests a protective order relating to the Rule 30(b)(6) deposition proposed by Plaintiffs.

Accordingly, the Motion for a Protective Order **[Doc. 159]** is **GRANTED IN PART** and **DENIED IN PART**.

## III. CONCLUSION

In sum, the Motion to Supplement **[Doc. 142]** is **GRANTED IN PART** and **DENIED IN PART**, the Motion to Compel **[Doc. 153]** is **DENIED**, and the Motion for a Protective Order **[Doc. 159]** is **GRANTED IN PART** and **DENIED IN PART.** TVA **SHALL PRODUCE** the documents identified in the Table of Documents [Doc. 142-1] that were in existence at the time of the agency decision as soon as practicable. In addition, TVA **SHALL PRODUCE** Mr. Hardyman for a deposition as soon as practicable.

**IT IS SO ORDERED**.

ENTER:

  /s H. Bruce Guyton
United States Magistrate Judge