UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DONNA W. SHERWOOD, *et al.*,  )
                                                  )
        Plaintiff,  )
                                                  )
                                                  )    No. 3:12-CV-156
                                                  )    (VARLAN/GUYTON)
V.  )
                                                  )
TENNESSEE VALLEY AUTHORITY,  )
                                                  )
        Defendant.  )

**MEMORANDUM AND ORDER**

This case came before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral orders of the District Judge. Now before the Court are two motions relating to the filing of the Third Amended Complaint in this matter: Defendant's Motion to Strike Third Amended Complaint [Doc. 175], and Plaintiffs' Contingent Motion to Amend Complaint [Doc. 180].

**I.    BACKGROUND**

Plaintiffs claim TVA violated various statutes in implementing its policy regarding cutting trees growing on property within electrical easements. The Plaintiffs' Amended Complaint contained Counts I, II, III, IV, and V. In Count II of the Amended Complaint, Plaintiffs sought declaratory and injunctive relief based upon TVA's failure to make an environmental impact statement prior to implementing its new policy. Plaintiffs maintain that the failure to obtain an impact statement violated the National Environmental Policy Act ("NEPA").

On September 17, 2012, TVA filed its Motion for Summary Judgment on Count II ("the NEPA Count") of the Second Amended Complaint [Doc. 129]. TVA argued that the thirteen administrative records filed in the case show that TVA complied with NEPA in reviewing its 2012 vegetation maintenance projects. Plaintiffs responded on October 22, 2012, and the Motion is awaiting decision by the District Judge.

On February 19, 2013, the District Judge entered an Order dismissing Counts I, III, and IV in the Complaint.[1] In his order, the District Judge stated: "Plaintiff shall file an amended complaint consistent with the holdings of this order within ten (10) days of entry of this order". [Doc. 162]. Thus, the NEPA Count is the only remaining count in this case. On March 11, 2013, the Plaintiffs filed their Third Amended Complaint [Doc. 170], which contains only the NEPA Count.

## II. ANALYSIS

The Court will address the two pending motions in turn.

### A. Defendant's Motion to Strike Third Amended Complaint [Doc. 175]

Defendant moves the Court to strike the Third Amended Complaint on the ground that it is "substantially different" from the proposed Third Amended Complaint [Doc. 83-1] which was the subject of the District Judge's holding in the February 19, 2013 ruling. Specifically, the Defendant asserts that the Third Amended Complaint [Doc. 170] contains 47 numbered paragraphs which were not included in the proposed Third Amended Complaint [Doc. 83-1], and further, that some of the pre-existing paragraphs now have different language and content.

---

[1] Count V was abandoned.

The Plaintiffs do not dispute that the content of the Third Amended Complaint is different than the proposed Third Amended Complaint. They argue, however, that eight months passed between the two filings, and that during that period they learned new information about the case. They argue that the Third Amended Complaint [Doc. 170] incorporates this information. They also argue that the Third Amended Complaint is "consistent with the holdings" of the District Judge's February 19, 2013 ruling.

The Defendant is correct in its interpretation of Rule 15 of the Federal Rules of Civil Procedure. When a party moves to file an amended pleading, and attaches a copy of the proposed amended pleading to the motion, as required by Local Rule 15.1, the Court expects that version of the amended pleading to be the pleading actually filed. Dover Steel Co. v. Hartford Accident & Indem. Co., 151 F.R.D. 570, 574 (E.D. Pa. 1993).

In the present case, however, the District Judge instructed the Plaintiffs to file "an amended complaint consistent with the holdings of this order. . .". The undersigned is inclined to agree with the Defendant that this language used by the District Judge does not invite wholesale changes to the proposed Third Amended Complaint. On the other hand, the Third Amended Complaint is still a suit based on NEPA. Moreover, it appears that the Plaintiffs acted in good faith to update their allegations to fully inform the Defendant, and the Court, of their claims, based on current information and belief. Accordingly, the Court finds that to strike the Third Amended Complaint is not warranted. The Motion to Strike **[Doc. 175]** will be **DENIED**.

B.   **Plaintiffs' Contingent Motion to Amend Complaint [Doc. 180]**

Plaintiffs move, after the fact, to be allowed to file the Third Amended Complaint [Doc. 170] should the Court deem such a motion necessary. For the reasons set forth above, the Court

finds that this Motion is well-taken, although the better practice would have been for Plaintiffs to file a new motion for leave to amend when they realized they would be adding new information to the first proposed Third Amended Complaint. In the interest of justice and to better secure the just, speedy and inexpensive determination of this action, the Contingent Motion to Amend Complaint **[Doc. 180]** is **GRANTED**. The Third Amended Complaint shall be deemed to be timely filed. The Defendant shall file its Answer to the Third Amended Complaint on or before **May 10, 2013**.

### III. CONCLUSION

In sum, the Motion to Strike Third Amended Complaint **[Doc. 175]** is **DENIED**. The Contingent Motion to Amend Complaint **[Doc. 180]** is **GRANTED**. The Third Amended Complaint [Doc. 170] is deemed to be timely filed. Defendant shall file its Answer to the Third Amended Complaint on or before **May 10, 2013**.

**IT IS SO ORDERED**.

ENTER:

      s/ H. Bruce Guyton
United States Magistrate Judge