UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| DONNA W. SHERWOOD, *et al.*, | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:12-CV-156 |
| | ) | | (VARLAN/GUYTON) |
| TENNESSEE VALLEY AUTHORITY, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on Plaintiffs' Motion to Reconsider Memorandum and Order (Doc. 181) [Doc. 184]. Plaintiffs ask the Court to reconsider the order entered by Magistrate Judge H. Bruce Guyton on April 12, 2013 [Doc. 181], which ruled on three motions: Plaintiffs' Motion to Supplement Claimed Administrative Record [Doc. 142], Plaintiffs' Motion to Compel [Doc. 153], and Defendant's Motion for a Protective Order [Doc. 159]. Judge Guyton granted in part and denied in part the motion to supplement and the motion for a protective order and denied the motion to compel [Doc. 181]. He ordered defendant Tennessee Valley Authority ("TVA") to produce documents identified in "Plaintiffs' Table of Documents [Doc. 142-1] that were in existence at the time of TVA's decision" [*Id.*]. He also ordered TVA to make John Hardyman available for a deposition to answer questions about the statements in his declaration [*Id.*]. Plaintiffs request that the Court now reconsider the magistrate judge's order and change the order to "requir[e] TVA to produce documents requested in

Plaintiffs' First Set of Document Requests"; "to permit the Plaintiffs to conduct discovery to establish bad faith prior to any ruling that TVA has or has not acted in bad faith"; "to remove the condition that Mr. Hardyman's deposition be limited to the subject matter of his declaration"; and "to allow general discovery, including document discovery," among other things [Doc. 184]. TVA filed a response in opposition [Doc. 187].[1]

Plaintiffs' Motion to Supplement Claimed Administrative Record [Doc. 142], Plaintiffs' Motion to Compel [Doc. 153], and Defendant's Motion for a Protective Order [Doc. 159] were before the magistrate judge pursuant to 28 U.S.C. § 636(b). That provision provides: "A judge of the court may reconsider any pretrial matter under [28 U.S.C. § 636(b)(1)] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *See also* Fed. R. Civ. P. 72(a) (providing that a district judge must "set aside any part of [a nondispositive] order that is clearly erroneous or is contrary to law"). Rule 72 of the Federal Rules of Civil Procedure supplies the timeframe in which motions to reconsider must be filed: a party must file any objections to a magistrate judge's order "within 14 days after being served with a copy." *See* Fed. Rule Civ. P. 72 advisory committee note ("The last sentence of subdivision (a) specifies that reconsideration of a magistrate's order, as provided for in the Magistrates Act, shall be by the district judge to whom the case is assigned.").

Magistrate Judge Guyton entered the order plaintiffs ask the Court to reconsider on April 12, 2013. By operation of the Court's electronic filing system, the order was

---

[1] The time for plaintiffs to file a reply has not yet passed, but the Court finds good cause to rule on the motion without a reply from plaintiffs. *See* E.D. Tenn. L.R. 7.1, 7.2.

served on plaintiffs' counsel the same day. Thus, any objections were due on or before April 29, 2013, which is fourteen days after service of the order plus three days as provided for in Rule 6(d) of the Federal Rules of Civil Procedure. Plaintiffs' motion was filed later than this on May 1, 2013. Accordingly, the motion to reconsider is untimely and need not be considered. *See Pinkerton's Inc. v. Shelly Pinkerton Corp.*, No. 9801609, 1999 WL 777683, at *4 (6th Cir. Sept. 15, 1999) ("Fed.R.Civ.P. 72(a) provides [fourteen] days for objections to a magistrate judge's discovery order. Failure to appeal a magistrate judge's order to the district court pursuant to the rule waives the claim that the magistrate judge erred."); *Altman v. Grant Cnty. Sch. Dist.*, No. 2009-185(WOB-JGW), 2012 WL 845294, at *1 (E.D. Ky. Mar. 12, 2012) ("Even if the Court were to construe Plaintiff's Memorandum in Opposition as objections to the Magistrate Judge's [nondispositive] order, these purported objections are untimely . . . . [T]herefore, the objections cannot be considered."); *McGhee v. Country Fresh, LLC*, No. 09-13695, 2011 WL 1085332, at *3 (E.D. Mich. Mar. 22, 2011) ("Plaintiff did not file the instant objections [to the magistrate's order limiting discovery] until January 25, 2011. Reviewing the Magistrate Judge's Order would therefore be 'untimely and inappropriate.'" (citation omitted)); *JPMorgan Chase Bank, N.A. v. Neovi, Inc.*, No. 2:06-cv-0095, 2007 WL 1875928, at *4 (S.D. Ohio June 20, 2007) ("Because Neovi failed to timely file its objection to the [magistrate's order awarding discovery sanctions], the

court finds Chase's argument that Neovi has waived any objection to the award to be well taken.").[2]

The Court, nonetheless, has reviewed Magistrate Judge Guyton's April 12, 2013 order and finds it necessary to clarify one aspect of his ruling. Although this case is set for trial July 8, 2013, and a summary judgment motion is currently pending, Magistrate Judge Guyton did not impose a date by which the deposition of Mr. Hardyman needs to be concluded. In light of the upcoming trial and pending motion for summary judgment, the Court hereby **ORDERS** that the deposition of John Hardyman must be concluded no later than **May 31, 2013**.[3] Further, the extent that either party finds it necessary to supplement their positions with respect to defendant's pending motion for summary judgment because of the magistrate judge's order, such supplements must be filed on or before **June 14, 2013**. For this reason, the bench trial currently set for July 8, 2013, is hereby reset for **August 5, 2013**, and the final pretrial conference, currently set for June 26, 2013, is reset for **July 29, 2013, at 2:00 p.m.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Even if considered timely, plaintiffs do not even argue that any ruling of Magistrate Judge Guyton is clearly erroneous or contrary to law, and for that reason, the Court would deny the motion.

[3] TVA has provided notice that it has produced the documents identified in the Table of Documents that were in existence at the time of the agency decision on April 18, 2013 [Doc. 186].