UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| DONNA W. SHERWOOD, *et al.*, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:12-CV-156-TAV-HBG |
| TENNESSEE VALLEY AUTHORITY, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case came before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral order of the Chief District Judge [Doc. 281]. Now before the Court is Plaintiffs' Application for Attorney Fees, Expert Witness Fees, and Other Expenses Pursuant to 28 U.S.C. § 2412 [Doc. 278], ("the Application"). For the reasons stated herein, the Application will be **HELD IN ABEYANCE** pending disposition of Plaintiffs' appeal.

Plaintiffs filed their Complaint on April 3, 2012, challenging a new vegetation policy of the Tennessee Valley Authority ("TVA"). Plaintiffs alleged the new policy was to cut down all trees in TVA's right-of-way that could potentially grow to a height exceeding fifteen feet. Both parties have referred to the policy at issue as the "fifteen-foot rule." Plaintiffs alleged that the fifteen-foot rule amounted to the removal of virtually all of the trees in the right-of-way because nearly every species of tree that grows in TVA's seven-state region has the potential to grow to be fifteen-feet tall.

The majority of Plaintiffs' claims were dismissed on February 19, 2013. [Doc. 162]. The Plaintiffs' only remaining claim for relief was based upon TVA's failure to obtain an environmental impact statement, as required by the National Environmental Policy Act

("NEPA"). On July 23, 2013, the Court entered a Memorandum Opinion finding that Defendant was entitled to judgment in its favor on the NEPA claim and ordered this case closed. The Plaintiffs appealed this ruling.

The Chief Judge's Memorandum Opinion summarizes the post-judgment proceedings well:

> On appeal, plaintiffs argued defendant Tennessee Valley Authority ("TVA") did not file the correct administrative record for plaintiffs' National Environmental Policy Act ("NEPA") claim. In reviewing plaintiffs' NEPA claim, the Sixth Circuit found TVA had implemented a new rule relating to its vegetation management practices, specifically that TVA would remove from its easements all trees that are taller, or will mature at a height greater than, fifteen feet (the "fifteen-foot rule"). *Sherwood v. Tenn. Valley Auth.*, 590 F. App'x 451, 456 (2014). It further found that the administrative record submitted by TVA for this Court's review did not reflect consideration of the environmental consequences related to this new rule. *Id.* at 459. It thus remanded the action so that TVA could compile the administrative record relating to decision challenged by plaintiffs—that is, the adoption of the fifteen-foot rule—and this Court could "evaluate the decision's propriety under NEPA." *Id.* at 462–63.

[Doc. 276 at 1]. The Court of Appeals reversed this Court's decision and remanded the case to this Court. It directed "TVA must compile the administrative record for the decision made that is challenged by the plaintiffs, in order for the court to evaluate the decision's propriety under NEPA." [Doc. 228 at 18].

Upon receiving the case back on remand, this Court ordered TVA to "compile the administrative record for the decision challenged by the plaintiffs (i.e., that TVA's alteration of its vegetation-maintenance practice constitutes a major federal action under NEPA) and file that record within thirty (30) days from entry of this order." [Doc. 230].

2

Rather than submitting an administrative record, TVA filed a motion to dismiss, in which it stated:

> Because TVA considered that the extensive 2012 maintenance-sector environmental reviews it filed as the administrative record (the Categorical Exclusion Checklists, Docs. 114-126) did address the environmental impacts of the decision challenged by Plaintiffs, TVA did not create in 2012 a separate administrative record for the challenged decision (TVA's adoption of a 15-foot rule for tree clearing in right-of-way buffer zones) that now can be filed as TVA's NEPA documentation for the challenged decision. In compliance with the Sixth Circuit's holding that the only administrative record that TVA created is legally inadequate under NEPA to justify TVA's challenged decision, TVA's Senior Vice President of Transmission has suspended use of the 15-foot rule and reverted to the right-of-way maintenance practices that were utilized prior to the introduction of the 15-foot rule. TVA is reviewing its practices for the clearing of trees in the buffer zones of TVA rights-of-way, and will initiate a de novo NEPA review of any new buffer zone clearing practices before adopting them.

[Doc. 232 at 1-2]. The Court granted TVA's motion to dismiss and dismissed Plaintiffs' NEPA claim. The Court found that the case was constitutionally moot and, alternatively, prudentially moot.

On September 4, 2015, the Plaintiffs filed the Application, which was referred to the undersigned. On October 19, 2015, the Plaintiffs filed their Notice of Appeal [Doc. 286], stating that they intended to appeal the Court's Memorandum Opinion and Order, "dismissing the Plaintiffs' NEPA claims and denying all of the Plaintiffs' pending motions including but not limited to their motion for summary judgment." [Doc. 286].

In the Application, Plaintiffs contend that they are entitled to an award of fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, which provides that a court shall award fees to a prevailing party in a case against the United States, unless the government's position was substantially justified. [Doc. 279]. TVA adamantly maintains that Plaintiffs are not

a prevailing party, because there is no judicial order that materially altered the relationship between the parties. Both parties have devoted considerable amounts of their briefing to this issue, and the Court concedes that the case's unique procedural posture makes this question novel.

The Plaintiffs' appeal has the potential to resolve the question of whether Plaintiffs are prevailing parties. The Court of Appeals may elect to: uphold this Court's decision in its entirety; reverse this Court's decision regarding mootness and remand with instructions; enter judgment in favor of Plaintiffs; or remand for other particular issues. Any of these outcomes would likely influence the Court's decision as to whether the Plaintiffs are prevailing parties, and thus, the Court finds that it would be an improvident waste of both the Court and the parties' resources to render decision on the Application at this time. Instead, the Court finds that it is appropriate to address the Application after the Court of Appeals has issued its decision. See, e.g., Nichols v. Knox County, No. 3:11-CV-417-PLR-HBG, Doc. 150 (E.D. Tenn. Dec. 10, 2014) (denying a petition for fees and expenses without prejudice pending decision by the Court of Appeals); Kucera v. Jefferson County Board of Educ., No. 3:03-CV-593-CLC-CCS, Doc. 204 (E.D. Tenn. Oct. 18, 2013) (holding petition for fees and expenses in abeyance pending decision by the Court of Appeals). The Court finds that this course will not prejudice either party and instead will benefit the parties by saving resources.

Accordingly, the Plaintiffs' Application for Attorney Fees, Expert Witness Fees, and Other Expenses Pursuant to 28 U.S.C. § 2412 **[Doc. 278]** is **HELD IN ABEYANCE** pending disposition of Plaintiffs' appeal. Plaintiff is **ORDERED** to file a motion for entry of decision on the Application, with this Court, within **thirty (30) days** of the Court of Appeals entering its decision. The Plaintiffs shall provide an update on the Court of Appeals' actions and decision

and may supplement their position as they deem appropriate. TVA shall respond to Plaintiffs' motion within **fourteen (14) days** of its filing.

    **IT IS SO ORDERED**.

                  ENTER:

                    _____
                    United States Magistrate Judge