UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DONNA W. SHERWOOD, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-CV-156-TAV-HBG |
| | ) | |
| TENNESSEE VALLEY AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral order of the Chief District Judge [Doc. 291].

Now before the Court is the Plaintiffs' Application for Attorney Fees, Expert Witness Fees, and Other Expenses Pursuant to 28 U.S.C. § 2412 [Doc. 278] ("the Application"), filed on September 9, 2015. The parties appeared before the undersigned on February 12, 2016, to present oral argument. After thoroughly reviewing the pleadings in this matter and having taken the parties' arguments under advisement, the Court finds that the motion is now ripe for disposition. For the reasons more fully stated below, the Court **RECOMMENDS** that the Application by **DENIED**.

### I. BACKGROUND

Plaintiffs filed their Complaint on April 3, 2012, challenging a new vegetation policy of Defendant Tennessee Valley Authority ("TVA"). Plaintiffs alleged the new policy was to cut down all trees in TVA's right-of-way that could potentially grow to a height exceeding fifteen feet. Both parties have referred to the policy at issue as the "fifteen-foot rule." Plaintiffs alleged

that the fifteen-foot rule amounted to the removal of virtually all of the trees in the right-of-way, because nearly every species of tree that grows in TVA's seven-state region has the potential to grow to be fifteen-feet tall.

The majority of Plaintiffs' claims were dismissed on February 19, 2013. [Doc. 162]. The Plaintiffs' only remaining claim for relief was based upon TVA's failure to obtain an environmental impact statement, as required by the National Environmental Policy Act ("NEPA"). On July 23, 2013, the Chief District Judge entered a Memorandum Opinion finding that TVA was entitled to judgment in its favor on the NEPA claim and ordered this case closed. The Plaintiffs appealed this ruling.

The District Court's Memorandum Opinion summarizes the post-judgment proceedings well:

> On appeal, plaintiffs argued defendant Tennessee Valley Authority ("TVA") did not file the correct administrative record for plaintiffs' National Environmental Policy Act ("NEPA") claim. In reviewing plaintiffs' NEPA claim, the Sixth Circuit found TVA had implemented a new rule relating to its vegetation management practices, specifically that TVA would remove from its easements all trees that are taller, or will mature at a height greater than, fifteen feet (the "fifteen-foot rule"). *Sherwood v. Tenn. Valley Auth.*, 590 F. App'x 451, 456 (2014). It further found that the administrative record submitted by TVA for this Court's review did not reflect consideration of the environmental consequences related to this new rule. *Id.* at 459. It thus remanded the action so that TVA could compile the administrative record relating to decision challenged by plaintiffs—that is, the adoption of the fifteen-foot rule—and this Court could "evaluate the decision's propriety under NEPA." *Id.* at 462–63.

[Doc. 276 at 1]. The Court of Appeals reversed the District Court's decision, remanded the case to this Court, and directed: "TVA must compile the administrative record for the decision made that is challenged by the plaintiffs, in order for the court to evaluate the decision's propriety under NEPA." [Doc. 228 at 18].

2

Upon receiving the case on remand, the District Court ordered TVA to "compile the administrative record for the decision challenged by the plaintiffs (i.e., that TVA's alteration of its vegetation-maintenance practice constitutes a major federal action under NEPA) and file that record within thirty (30) days from entry of this order." [Doc. 230].

Rather than submitting an administrative record, TVA filed a motion to dismiss, in which it stated:

> Because TVA considered that the extensive 2012 maintenance-sector environmental reviews it filed as the administrative record (the Categorical Exclusion Checklists, Docs. 114-126) did address the environmental impacts of the decision challenged by Plaintiffs, TVA did not create in 2012 a separate administrative record for the challenged decision (TVA's adoption of a 15-foot rule for tree clearing in right-of-way buffer zones) that now can be filed as TVA's NEPA documentation for the challenged decision. In compliance with the Sixth Circuit's holding that the only administrative record that TVA created is legally inadequate under NEPA to justify TVA's challenged decision, TVA's Senior Vice President of Transmission has suspended use of the 15-foot rule and reverted to the right-of-way maintenance practices that were utilized prior to the introduction of the 15-foot rule. TVA is reviewing its practices for the clearing of trees in the buffer zones of TVA rights-of-way, and will initiate a de novo NEPA review of any new buffer zone clearing practices before adopting them.

[Doc. 232 at 1-2]. The District Court granted [Doc. 276] TVA's motion to dismiss and dismissed Plaintiffs' NEPA claim. The Court found that the case was constitutionally moot and, alternatively, prudentially moot.

On September 4, 2015, the Plaintiffs filed the Application, which was referred to the undersigned. On October 19, 2015, the Plaintiffs filed their Notice of Appeal [Doc. 286], stating that they intended to appeal the District Court's Memorandum Opinion and Order, "dismissing the Plaintiffs' NEPA claims and denying all of the Plaintiffs' pending motions including but not limited to their motion for summary judgment." [Doc. 286]. As a result of the ongoing appeal,

3

the undersigned ordered [Doc. 288] that the Plaintiff's Application be held in abeyance, finding that the Plaintiffs' appeal had the potential to resolve the question of whether Plaintiffs are "prevailing parties" as required by the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, which provides that a court shall award fees to a prevailing party in a case against the United States, unless the government's position was substantially justified.

Plaintiffs objected to their fee application being held in abeyance and argued that regardless of how the Sixth Circuit decided the issues presented on appeal, "it will not change the facts as to whether TVA suspended the 15-foot rule on its own volition or to comply with the ruling of the Court of Appeals, or, in other words, whether the Plaintiffs have achieved at least some of the relief that they were seeking, and are therefore prevailing parties." [Doc. 290 at 3]. TVA did not file a response to Plaintiffs' objection. Based upon the lack of opposition by TVA, the District Court ordered [Doc. 291] that the matter be returned to this Court for a report and recommendation regarding the Plaintiffs' Application.

II.  **LEGAL STANDARD**

Under the EAJA, a party in a civil action who brings suit against any agency of the United States and is the prevailing party in the litigation may move for attorney's fees, costs, and other expenses. 28 U.S.C. § 2412(a)(1). The party seeking reimbursement of fees and expenses must submit an application within thirty days of the final judgment in the action. § 2412(d)(1)(B). The application must demonstrate that the party is a "prevailing party," submit the amount sought, "including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party," and state whether or not the United States' position was substantially justified. Id. If the application demonstrates the foregoing, the court must then award the fees

4

and expenses unless it "finds that the position of the United States was substantially justified or that special circumstances make an award unjust." § 2412(d)(1)(A).

### III. POSITIONS OF THE PARTIES

In the Application, Plaintiffs argue that they are entitled to an award of fees pursuant to the EAJA, because they were the prevailing parties on their NEPA claim, and that the position of TVA was not substantially justified.

Plaintiffs argue that there is no doubt that they are the prevailing party given the Court of Appeals' order of remand as well as the District Court's order dismissing this case. Specifically, Plaintiffs point out that the Court of Appeals' ruling, which ordered that TVA compile the administrative record for the decision to implement the fifteen-foot rule, forced TVA to both acknowledge that it had implemented the fifteen-foot rule with no environmental review and to suspend implementation of the fifteen-foot rule. Upon remand, the District Court stated that the production of the administrative record was "an order TVA could not comply with" and that TVA had "acknowledged the wrongfulness of its conduct in not creating an administrative record," observing that it would be unreasonable for TVA to return to such conduct it had admitted in its motion to dismiss was constitutionally deficient. [Doc. 276 at 7]. As a result of both Courts' rulings, Plaintiffs contend that they have prevailed on their NEPA claim by obtaining all the relief that they asked for in their Complaint.

Plaintiffs further maintain that TVA has failed to carry its burden that it was substantially justified in its position. As observed by the Court of Appeals, the NEPA required that TVA take a "hard look" at the environmental consequences of its actions before implementing the fifteen-foot rule. While TVA originally took the position that the 2012 Categorical Exclusion

5

Checklists (the "Checklists") for the Knoxville sector of the right-of-way was the requisite NEPA review, the appellate court found that TVA had not submitted any documentation that it studied the possible environmental effects of imposing the fifteen-foot rule, a finding TVA eventually conceded when it could neither identify the TVA official who believed that the Checklists served as the NEPA review or had approved the use of the fifteen-foot rule. The lack of documentation of any environmental studies performed, according to Plaintiffs, affirms that TVA was not substantially justified in its position.

TVA responds that Plaintiffs are not entitled to attorney's fees because they are not "prevailing parties" within the meaning of the Supreme Court's decision in <u>Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Resources</u>, 532 U.S. 598 (2001). Specifically, TVA argues that neither the Court of Appeals' nor the District Court's orders constituted the necessary court-enforceable judgment that had the effect of altering the legal relationship between the parties. While Plaintiffs may have obtained the result they ultimately set out to achieve, TVA argues that case law makes clear that is not enough to be a prevailing party for purposes of attorney's fees under the EAJA.

TVA also contends that its belief that the Checklists were the administrative record was substantially justified, because when it adopted the fifteen-foot rule in 2012, the 2012 Checklists would have necessarily encompassed the environmental effects. TVA's reliance on this premise was due to its standard procedure of performing NEPA reviews for annual transmission line maintenance by way of Checklists. TVA argues, therefore, that its inductive reasoning underlying TVA's position that the 2012 Checklists addressed the environmental effects was based on legally and factually analogous precedent that had never been contradicted, a determination that even the District Court found credible when it originally dismissed Plaintiffs'

6

claims. TVA argues that its acknowledgement that it was incorrect following the Court of Appeals' decision does not make its position unjustified.

Plaintiffs reply that the Court of Appeals' and the District Court's orders were enforceable judgments that changed the parties' legal relationship. Plaintiffs argue that TVA's suspension of the fifteen-foot rule was not voluntary but done, in TVA's own word, to comply with the Court of Appeals' "holding" and "the law established by the Sixth Circuit." [Doc. 323 at 4]. Therefore, Plaintiffs argue that both Courts' rulings have "the necessary judicial *imprimatur*" to force TVA to suspend the fifteen-foot rule. Plaintiffs also assert that TVA's argument that it was substantially justified is baseless. Plaintiffs point out that the Checklists neither discussed nor mentioned the fifteen-foot rule, that the fifteen-foot rule was a new policy rather than routine maintenance, and no one actually reviewed the environmental impact of the fifteen-foot rule. Thus, Plaintiffs maintain that TVA's NEPA decision was anything but fact specific.

**IV.    ANALYSIS**

The threshold issue before the Court is whether Plaintiffs are prevailing parties within the meaning of the EAJA.

Our Supreme Court has defined "prevailing party" as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 603 (2001) (quoting Black's Law Dictionary 1145 (7th ed. 1999)). To be a prevailing party, the Court held, was to have obtained some sort of "enforceable judgment on the merits" or "court-ordered consent decree" that creates a "'material alteration of the legal relationship of the parties' necessary to

7

permit an award of attorney's fees." Id. (quoting Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792-93 (1989)). In defining "prevailing party," the Buckhannon Court rejected the "catalyst theory" which "allows an award where there is no judicially sanctioned change in the legal relationship of the parties." Id. at 605.

Although Buckhannon was decided in the context of the fee-shifting provisions contained in the Fair Housing Amendments Act and the Americans with Disabilities Act, the term "prevailing party," as defined in Buckhannon, likewise applies to the fee-shifting provision under the EAJA. See Marshall v. Comm'r of Soc. Sec., 444 F.3d 837, 840 (6th Cir. 2006) (applying the term in a claimant's social security benefits case where attorney's fees were sought under the EAJA).

Plaintiffs state that TVA "admits" that the opinion of the Court of Appeals is a "holding" or "quasi-judgment" or "court ruling" of some kind in Plaintiffs' favor. Plaintiffs support their position by pointing to language in TVA's motion to dismiss and memorandum in support which states, "Plaintiffs' NEPA claim is moot by virtue of the Sixth Circuit's holding, TVA's suspension of the 15-foot rule to comply with the law established by that holding, and its return to the right-of-way maintenance practices that were utilized prior to the introduction of the 15-foot rule" [Doc. 232 at 2], and "In compliance with the Sixth Circuit's holding that the only administrative record that TVA created is legally inadequate under NEPA to justify TVA's challenged decision," TVA has "suspended" the fifteen-foot rule and reverted to the right-of-way maintenance practices previously utilized [Doc. 233 at 2]. While TVA conceded during oral argument that the language found in the Court of Appeals' and the District Court's orders included favorable language towards Plaintiffs, it asserts that neither ruling was a judgment favoring Plaintiffs. Instead, the Court of Appeals' ruling was only a remand order that directed

8

TVA to assemble an administrative record – not a judgment in favor of Plaintiffs. Citing Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt., 589 F.3d 1027, 1031 (9th Cir. 2009), TVA submitted that a moral victory is simply not enough to be a prevailing party.

The Court finds that Plaintiffs are not prevailing parties, because neither the Court of Appeals' nor the District Court's orders had the effect of a final judgment on the merits altering the legal relationship between Plaintiffs and TVA. A review of the Court of Appeals' decision demonstrates that it did not rule on the merits of Plaintiffs' NEPA claim. Plaintiffs appealed, in pertinent part, the District Court's finding that TVA had submitted the proper administrative record for the implementation of the fifteen-foot rule. The Court of Appeals found that the rule was a new policy, rather than routine maintenance, and consequently, the 2012 Checklists relied on by TVA was not the record underling the fifteen-foot rule. Because the Checklists did not reflect consideration of the environmental consequences of the new policy, TVA was found to have submitted no documentation that it studied the possible environmental effects imposed by the fifteen-foot rule. Accordingly, the case was remanded so that TVA could "compile the administrative record for the decision made that is challenged by the plaintiffs, *in order for the court to evaluate the decision's propriety under NEPA*." [Doc. 229 at 18] (emphasis added). In other words, the Court of Appeals did not rule on the merits of Plaintiffs' NEPA claim or award the declaratory or injunctive relief sought by Plaintiffs in their Complaint. Rather, TVA was ordered to submit the correct administrative record so that the District Court could then adjudicate the merits of Plaintiffs' claim.

Before the District Court could evaluate the propriety of Plaintiffs' NEPA claim, TVA moved to dismiss the case on the grounds that Plaintiffs' claim was now moot given TVA's suspension of the fifteen-foot rule and its assurance that it would conduct an appropriate NEPA

9

review in the future should it decide to implement a new policy relating to its vegetation-management practices. As a result, the District Court found it no longer had occasion to rule on Plaintiffs' claim, which was found to be constitutionally moot and, in the alternative, prudentially moot. The District Court held that the declaratory relief sought by Plaintiffs was no longer "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment," and declined to find "that TVA's failure to conduct a NEPA review of the fifteen-foot rule will have any demonstrable continuing effect" such that injunctive relief was warranted. [Id. at 10 (quotations omitted)]. Therefore, this Court declines to find that "the [D]istrict [C]ourt's order on the motion to dismiss acted as an adjudication on the merits, thus satisfying Buckhannon." Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship & Immigration Servs., 452 F.3d 1254, 1258 n.3 (11th Cir. 2006) (finding the district court's action of dismissing the complaint as moot due to the plaintiff having received the relief requested did not render the plaintiff a prevailing party and characterized such argument to the contrary as "meritless").

Moreover, the fact that TVA was incapable of producing an administrative record as ordered does not change the nature of either the Court of Appeals' or the District Court's orders. In Hewit v. Helms, 482 U.S. 755 (1987), the Supreme Court determined that a prisoner, who had brought a §1983 action against the State of Pennsylvania, was not a prevailing party entitled to attorney's fees because the prisoner had obtained no relief on any of his claims. Although he had obtained an interlocutory ruling that reversed the lower court's finding that his complaint should not have been dismissed for failure to state a constitutional claim, the Supreme Court reasoned "[t]hat this is not the stuff of which legal victories are made." Id. at 760. While the appellate court, in a separate appeal, viewed its prior remand order as a form of judicial relief, the Supreme Court found that no such relief had been granted because the appellate court had "explicitly left it

10

to the District Court 'to determine the appropriateness and availability of the requested relief.'"

Id. The Court further observed that,

> In all civil litigation, the judicial decree is not the end but the means. At the end of the rainbow lies not a judgment, but some action (or cessation of action) by the defendant that the judgment produces-the payment of damages, or some specific performance, or the termination of some conduct. Redress is sought *through* the court, but *from* the defendant. This is no less true of a declaratory judgment suit than of any other action. The real value of the judicial pronouncement-what makes it a proper judicial resolution of a "case or controversy" rather than an advisory opinion-is in the settling of some dispute *which affects the behavior of the defendant towards the plaintiff*.

Id. at 761 (emphasis in original).

Likewise, here, the Court of Appeals left it to the District Court to rule on the propriety of Plaintiffs' NEPA claim. The District Court's subsequent decision did not order damages, specific performance, or termination of conduct. "[A] favorable judicial statement of law in the course of litigation that results in judgment against the [Plaintiffs] does not suffice to render [them] a 'prevailing party.'" Id. at 763. TVA's conduct of suspending the fifteen-foot rule was not done because either Court ordered it; it was done because TVA could not produce an administrative record demonstrating that it considered the environmental consequences of the fifteen-foot rule. "While the timing of the cessation . . . does not bode well for TVA," [Doc. 276 at 7], Plaintiffs' counsel conceded during oral argument that the Court of Appeals' ruling did *not* terminate the litigation but merely ordered TVA to compile an administrative record, which, as it turns out, TVA could not do. In sum, the Court finds that Plaintiffs received no judgment ordered relief.

It is not lost upon the Court that Plaintiffs' lawsuit and the diligent work done by Plaintiffs' counsel effectively saved thousands of forestry acreage from losing its trees. The Court is cognizant of, and sympathetic toward, the work done by Plaintiffs who, in effect, were able to obtain the results they set out to achieve, at least on a "suspended" basis. However, the Court's sympathy cannot

11

change the definition of "prevailing party." Congress, not the court, has the power to amend the EAJA to encompass the catalyst theory. For example, Congress amended the Freedom of Information Act, see 5 U.S.C. §552(a)(4)(E), to allow a party similarly situated as Plaintiffs to receive attorney's fees when the party is the catalyst for change, rather than when the party has a judgment in his favor. Accordingly, the Court is bound to implement the controlling law on the matter which directs a finding that Plaintiffs are not prevailing parties, because they have not received an enforceable judgment or other court order that materially altered the legal relationship of the parties.

Because Plaintiffs are not prevailing parties, the Court need not address whether TVA's positon was substantially justified or the reasonableness of the fees and expenses sought.

## V. CONCLUSION

For the reasons stated herein, the Court **RECOMMENDS**[1] that the Plaintiffs' Application for Attorney Fees, Expert Witness Fees, and Other Expenses Pursuant to 28 U.S.C. § 2412 [**Doc. 278**] be **DENIED**.

Respectfully submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140 (1985). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).