UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| DONNA W. SHERWOOD, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No.: 3:12-CV-156-TAV-HBG |
| | ) |
| TENNESSEE VALLEY AUTHORITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on the Report and Recommendation of Magistrate Judge H. Bruce Guyton, entered on March 1, 2016 [Doc. 350] (the "R&R"), which addresses Plaintiffs' Application for Attorney Fees, Expert Witness Fees, and Other Expenses Pursuant to 28 U.S.C. § 2412 [Doc. 278]. After considering plaintiffs' request, Magistrate Judge Guyton recommends that the Court deny Plaintiffs' Application for Attorney Fees, Expert Witness Fees, and Other Expenses Pursuant to 28 U.S.C. § 2412 [*Id.*]. Plaintiffs filed objections to the R&R [Doc. 351], and defendant responded [Doc. 353]. For the reasons that follow, plaintiffs' objections will be overruled and the application [Doc. 278] will be denied.

I.  **Standard of Review**

A court must conduct a *de novo* review of those portions of a magistrate judge's report and recommendation to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v.*

*Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." *Stamtec, Inc. v. Anson*, 296 Fed. App'x 516, 519 (6th Cir. 2008) (citing *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006)). In addition, "absent compelling reasons," parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)); *see also Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996) ("[I]ssues raised for the first time in the objections to magistrate judge's report and recommendation are deemed waived."). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge. 28 U.S.C. § 636(b)(1).

## II.     Analysis[1]

Plaintiffs assert that Magistrate Judge Guyton was in error in finding that plaintiffs are not "prevailing parties," and consequently, in recommending denial of their application for fees and expenses.[2] As part of this objection, plaintiffs argue that Magistrate Judge Guyton should have considered their supplemental brief [Doc. 347-1]

---

[1] The Court presumes familiarity with this action and the R&R issued in this case [Doc. 350].

[2] The Court notes that plaintiffs submitted thirty numbered paragraphs as their objections to the R&R [Doc. 351]. Many of the numbered objections contain overlapping arguments. Rather than addressing each objection separately, the Court addresses all objections in its overall analysis.

2

and should have allowed discovery before analyzing the viability of plaintiffs' application. The Court will first address these objections, and will then turn to the ultimate issue, that is, whether plaintiffs are a prevailing party.

### A. Supplemental Brief

On February 17, 2016, plaintiffs filed a Motion to File Supplemental Brief on "Prevailing Party" Status [Doc. 348] pursuant to Local Rule 7.1(d). Defendant responded in opposition [Doc. 348]. Magistrate Judge Guyton issued an order denying plaintiffs leave to file the supplemental brief and stating that "the brief does not call the Court's attention to any new developments that occurred after Plaintiffs filed their initial motion for attorney's fees" and that it "does not discuss new or additional information not already before the Court for its consideration" [Doc. 349 p. 2].

Plaintiffs then filed the same supplemental brief in support of its objections to the R&R and ask the Court to consider it [Doc. 352]. The Court finds that the magistrate judge correctly denied the motion to file the supplemental brief because the brief contains arguments that are duplicative of other filings in the record, including in plaintiffs' objections to the R&R [Doc. 351].[3] The Court, therefore, will not consider this supplemental brief and overrules plaintiffs' objection regarding the consideration of the supplemental brief.

---

[3] The Court notes that because the arguments are duplicative, even if the Court were to sustain this objection, it would not change the outcome of the Court's decision to deny the application for attorney fees.

3

## B. Discovery

Plaintiffs assert that Magistrate Judge Guyton should have allowed discovery in the consideration of plaintiffs' application. In particular, plaintiffs point to their Motion to Permit Discovery [Doc. 245] and note that:

> The Court's earlier order limiting or disallowing discovery was based on the premise that the case was being reviewed on the 'administrative record' allegedly prepared by TVA, but given the ruling of the Court of Appeals, and with TVA now admitting that there is no such administrative record, there is and was no valid reason to deny discovery

[Doc. 351 ¶ 29]. As defendant points out, plaintiffs never requested discovery in the context of their application. Plaintiffs' Motion to Permit Discovery [Doc. 245] was filed before this Court on December 29, 2014, and denied on August 25, 2015, because the Court determined that plaintiffs' NEPA claim is moot [Docs. 276, 277]. Plaintiffs did not file their application for attorney fees until September 4, 2015 [Doc. 278], which was a week after the Court denied plaintiffs' discovery motion [Doc. 245].

While plaintiffs have filed several motions requesting additional discovery throughout this litigation, plaintiffs did not renew such motions in the context of their application. The magistrate judge is under no obligation to revisit motions already denied by the Court. Should plaintiffs have desired additional discovery in the context of their application, they needed to request it. Because the request for discovery was not before the magistrate judge, and because plaintiffs have not put forth any "compelling reasons" for considering the new argument, the Court finds that this argument is without merit.

*Murr*, 200 F.3d at 902 n.1. Consequently, plaintiffs' objection regarding discovery is overruled.

### C. Prevailing Party

Plaintiffs' primary objection is that the magistrate judge erred in determining that they are not the prevailing party, and are thus not entitled to attorney fees.

Plaintiffs filed their application pursuant to 28 U.S.C. § 2412, or the Equal Access to Justice Act ("EAJA"). Under the EAJA, a party in a civil action who brings suit against any agency of the United States and is the prevailing party in the litigation may move for attorney's fees, costs, and other expenses. 28 U.S.C. § 2412(a)(1). A court must award fees and expenses to the prevailing party "unless the court finds that the provision of the United States was substantially justified or that special circumstances make an award unjust." *Id.* § 2412(d)(1)(A). Magistrate Judge Guyton determined that plaintiffs are not prevailing parties and thus declined to reach whether defendant was substantially justified in its actions.

The Supreme Court has held that a plaintiff must "receive at least some relief on the merits of his claim before he can be said to prevail." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001); *see also Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006) (applying the *Buckhannon* definition of "prevailing party" to the fee-shifting provision of the EAJA). A litigant "need not prevail on all claims; rather, he need only 'succeed on any significant issue in litigation which achieves some benefit the parties sought in bringing suit.'"

5

*O'Neill v. Coughlan*, 490 F. App'x 733, 735 (6th Cir. 2012) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). This relief may be during the litigation or at the conclusion of the litigation. *Stivers v. Pierce*, 71 F.3d 732, 751 (9th Cir. 1995).

In *Buckhannon*, the Supreme Court rejected what was called the "catalyst theory," which "allow[ed] an award where there is no judicially sanctioned change in the legal relationship of the parties." 532 U.S. at 605 (noting that it is not appropriate to award fees to a plaintiff when a complaint withstands a motion to dismiss). The Supreme Court noted that "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Id.* at 605. Consequently, in order to gain prevailing party status, there must be "judicially sanctioned material alteration of the parties' legal relationship." *Binta B. ex rel. S.A. v. Gordon*, 710 F.3d 608, 623 (6th Cir. 2013).

"[N]o material alteration of the legal relationship between the parties occurs until the plaintiff becomes entitled to enforce a judgment, consent decree[,] or settlement against the defendant." *Dillery v. City of Sandusky*, 398 F.3d 562, 570 (6th Cir. 2005) (citing *Farrar v. Hobby*, 506 U.S. 103, 113 (1992)); *see also Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1031 (9th Cir. 2009) (citation omitted) (a material alteration must allow "one party to require the other party to do something it otherwise would not be required to do"). A "court must formally indicate that the plaintiff is entitled some *actual relief*—legal or equitable—in order to establish a material alteration." *Klamath Siskiyou Wildlands*, 589 F.3d at 1031 (emphasis in

6

original) (citation omitted) (noting that a declaratory judgment would suffice). "The form in which the relief comes is less important than that it be the relief the plaintiff sued to get." *Id.* at 1030.

The Court finds that the following three circumstances must apply for plaintiffs to qualify as a prevailing party: (1) plaintiffs received some relief sought in the litigation; (2) there is a material alteration of the legal relationship of the parties; and (3) that alteration is judicially sanctioned. *See Buckhannon*, 532 U.S. at 605; *Klamath Siskiyou Wildlands*, 589 F.3d at 1031; *Dillery*, 398 F.3d at 570. The Court notes, however, that these three circumstances overlap in some respects.

In their objections, plaintiffs argue that they received two forms of relief sought. First, the Sixth Circuit ordered defendant to compile and file the correct administrative record.[4] Second, defendant suspended the fifteen-foot rule. The Court will address each of these arguments in turn.

### 1. Administrative Record

As to the first form of relief, plaintiffs argue that they sought an order requiring defendant to compile and file the correct administrative record. Plaintiffs note that they alleged in their complaint that the checklists defendant claimed were the administrative record were not, and that defendant denied those allegation in its answer [Doc. 351 ¶ 15;

---

[4] Defendant notes that when briefing before the magistrate judge, plaintiffs did not make this assertion with the same specificity that they do now [Doc. 353 p. 2 n.1]. Defendant argues, therefore, that plaintiffs waived this argument [*Id.*]. The Court finds, however, that because plaintiffs did raise this argument previously, even though the argument was not as developed, plaintiffs have not waived it.

7

*see also* Docs. 62, 74]. Plaintiffs also point out that they appealed this Court's finding that defendant has submitted the proper administrative record [Doc. 351¶ 7]. Plaintiffs argue, therefore, the question of whether the correct administrative record was filed was at "the heart of the merits of the case" and they received relief when the Sixth Circuit found the defendant filed the incorrect record and ordered them to compile and file a new one [*Id.* ¶ 15].

The Court notes, however, that plaintiffs never sought relief in the form of a determination that defendant did not file the correct administrative record, or in the form of a remand to order defendant to file the correct administrative record [Doc. 62 pp. 43–44]. *See Klamath Siskiyou Wildlands*, 589 F.3d at 1030 (noting that to be prevailing party, plaintiff must receive "relief the plaintiff sued to get"). The relief plaintiffs sought in their complaint was: (1) a declaration that defendant violated the National Environmental Policy Act ("NEPA") by implementing the fifteen-foot rule without issuing an Environmental Impact Statement ("EIS"); and (2) injunctive relief precluding defendant from utilizing the fifteen-foot rule until it conducted an EIS [Doc. 62 pp. 43–44].

Plaintiffs argue that because the Sixth Circuit determined that defendant was incorrect in denying an allegation in plaintiffs' complaint, that affords plaintiffs with relief they sought. They assert that the magistrate judge erred in finding that plaintiffs were not prevailing parties even though they prevailed on this issue—a major issue in the litigation [Doc. 351 ¶ 5].

Plaintiffs' complaint is forty-five pages long and contains one-hundred-thirty-six paragraphs of allegations, many of which defendant denied [Docs. 62, 74]. The Court will not find that a determination that defendant was incorrect in denying an allegation, or even several allegations, is sufficient to constitute "some relief" as contemplated in the context of awarding attorney fees. *Buckhannon*, 532 U.S. at 605; *see also Klamath Siskiyou Wildlands*, 589 F.3d at 1031 (noting that there must legal, equitable, or declaratory relief). Plaintiffs received none of the actual relief they requested through the Sixth Circuit's remand or this Court's order in response to the remand.

The Court finds *Citizens for Better Forestry v. United States Department of Agriculture*, 567 F.3d 1128 (9th Cir. 2009), illustrative on this point. In that case, the Ninth Circuit held that the defendant violated NEPA, but remanded the case to the district court for it to consider in the first instance whether injunctive relief was appropriate. *Id.* at 1130. Before the district court made that determination, the defendant withdrew the challenged rule. *Id.* The plaintiffs argued that they were prevailing parties "because [they] received a ruling from [the Ninth Circuit] that [the defendant] violated [their] rights under NEPA." *Id.* at 1132. The Ninth Circuit rejected this argument because the plaintiffs "never received a formal declaratory judgment or other relief from [the Ninth Circuit] or any other court." *Id.*

Here, the argument that plaintiffs received relief sought has even less merit than in *Citizens for Better Forestry*. In this case, the Sixth Circuit did not rule on the question of whether defendant violated NEPA. Although the Sixth Circuit's decision that defendant

9

did not file the correct administrative record was a "favorable determination on a legal issue," it cannot substitute for "a form of judicial relief." *Id.* at 1133 (citing *Hewitt v. Helms*, 482 U.S. 755, 760, 763 (1987)).

The Court finds, therefore, that the determination that defendant did not file the correct administrative record, and ordering defendant to file the correct record, did not afford plaintiffs any relief sought. Thus, the alleged relief cannot be a basis for their status as prevailing plaintiffs.

### 2. Suspension of the Fifteen-Foot Rule

The Court now turns to plaintiffs' second argument that they received relief sought because defendant suspended the fifteen-foot rule. The suspension of the fifteen-foot rule is a form of relief that plaintiffs actually sought in this litigation. The Court, therefore, turns to whether this relief resulted from a judicially sanctioned material alteration of the parties' legal relationship.

Plaintiffs argue that defendant "has admitted over and over again in pleadings filed in this action, that it suspended the 15-foot rule to 'comply with' the ruling of the Court of Appeals" [Doc. 351 ¶ 25 (citing court documents)]. They contend, therefore, that the Sixth Circuit's ruling and the ruling of this Court have the necessary "judicial *imprimatur*," and this is not a situation where a defendant voluntarily changed conduct [*Id.*].

In response to that argument, defendant states that it "does not contend that its suspension of the 15-foot rule was not influenced by the Sixth Circuit's order and this

10

Court's order on remand" [Doc. 353 ¶ 25]. Despite that, defendant argues, the orders did not require defendant to suspend the rule—meaning the suspension was voluntary [*Id.*].

Although plaintiffs received the relief they sued for, neither the Sixth Circuit, nor this Court, "formally indicate[d] that [plaintiffs were] entitled" to suspension of the fifteen-foot rule. *Klamath Siskiyou Wildlands*, 589 F.3d at 1031. The Court again finds *Citizens for Better Forestry* illustrative here. In that case, the Ninth Circuit actually ruled that the defendant violated NEPA. *Citizens for Better Forestry*, 567 F.3d at 1133. Despite that, because no court specifically ordered the defendant to suspend the rule, the Ninth Circuit's finding was only a "favorable statement of law." *Id.* (citation omitted).

Here, even if the Court assumes that defendant suspended the rule solely because of the rulings in this Court and in the Sixth Circuit, neither court specifically ordered that defendant suspend the fifteen-foot rule. Consequently, the Court finds that defendant's decision to suspend the rule was voluntary and cannot provide a basis for plaintiffs' status as the prevailing party. *Buckhannon*, 532 U.S. at 605

In sum, the Court finds that plaintiffs are not a prevailing party and are not entitled to attorney fees. The Court, therefore, overrules plaintiffs' objection.

### III.   Conclusion

Accordingly, upon a careful and *de novo* review of the record and the law, the Court finds that the recommendations contained in the R&R are correct. Plaintiffs' objections [Doc. 351] are **OVERRULED**. The Court **ACCEPTS in whole** the R&R [Doc. 350] and incorporates it into this Memorandum Opinion and Order. The Court

**DENIES** Plaintiffs' Application for Attorney Fees, Expert Witness Fees, and Other Expenses Pursuant to 28 U.S.C. § 2412 [Doc. 278].

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
CHIEF UNITED STATES DISTRICT JUDGE