IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| Donna W. Sherwood et al<br>Plaintiffs<br><br>vs.<br><br>Tennessee Valley Authority<br>Defendant. | Case No.: 3:12-CV-00156<br><br>Varlan/Poplin |

### PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO REINSTATE INJUNCTION ORDER AND TO SUPPLEMENT ITS REPORTS OF SPENDING FOR VEGETATION MANAGEMENT

The Plaintiffs reply to TVA's Response as follows:

**Reinstatement of the Injunction.** TVA does not oppose the reinstatement of the Injunction Order, so it seems to be clear that at least this aspect of the Plaintiffs' motion should be granted.

**Location on TVA's Website where the Injunction Order and "any subsequent substantive order" are to be posted.** TVA argues that it has already re-posted the Injunction Order in the "same location" that it was in before and that the Plaintiffs have no right to complain about the location now because they did not complain about it earlier. TVA further contends that our request for the Court to review the location that TVA has unilaterally selected is either an "allegation of contempt" or a "request to modify the injunction." But our request is neither of those things. We have no way to determine whether the location is in precisely the "same location," but it certainly appears to be buried deeper in the website than before. At any rate, even if it really is the same location [TVA regularly changes its website] that should not matter in the resolution of the question. The current location is either "prominent" or it is not, whatever may have been the case in the past. And while TVA argues that the order is posted in the "most logical" location, the order requires it to be posted in a "prominent" location. We would invite the Court to go to TVA's website (as one might do if he/she had no prior knowledge that there was any

1

such order) and make the determination as to whether it considers TVA's selected location to be "readily (or immediately) noticeable" or "conspicuous," "striking," or "likely to attract attention," or to "stand out" in any way[1].

We do believe that it is obvious that the recent order from the Court of Appeals is a "subsequent substantive order" as contemplated by the Injunction Order and that it should also be posted in a "prominent location" on the website. (See further discussion of the order of the Court of Appeals below.) TVA is incorrect when it argues that the question of where the Injunction Order and the order of the Court of Appeals are to be posted is "premature." The resolution of that question is not dependent on the entry of the order reinstating the injunction. Since the Court of Appeals so ordered, and TVA agrees, we think that it is a foregone conclusion that the Court will reinstate the Injunction Order. That being the case, there seems to be no reason to delay the ruling as to where the orders will be posted and whether the order of the Court of Appeals will be posted. The two-step process that TVA proposes is simply a waste of time. The question, a simple interpretation of a provision of the Injunction Order, or more accurately, the application of the plain meaning of a four-word phrase ["any subsequent substantive order"], would seem to already be ripe for decision.

We would propose that the orders (both the Injunction Order and the Order and Opinion of the Court of Appeals) be posted as the top item on the "Transmission" page https://www.tva.com/energy/transmission. The said page currently appears as follows:

---

[1] Definitions of the word "prominent" from the principal online dictionaries. See, e.g., https://www.merriam-webster.com/dictionary/prominent, https://www.merriam-webster.com/thesaurus/prominent, https://dictionary.cambridge.org/us/dictionary/english/prominent, https://www.thefreedictionary.com/prominent

2



There is no mention of a Federal Court Injunction Order and no hint that there is a court order that would limit TVA's ability to remove trees. Nothing but a "Find out more" link including add language about what you can to do make sure that you are "do[ing] your part to avoid power disruptions." The phrase does not give any hint or clue that there might be a Court injunction:

[Find out more about these efforts and how you can do your part to avoid power disruptions](#).

If the visitor were to follow that link, he/she would arrive at the following location where the Court order is finally mentioned, but still not in a prominent location:



We do not think that this is in keeping with the Court's order that Injunction Order and "any subsequent substantive order" must be placed in a prominent location of TVA's website.

**The missing reports of TVA's vegetation management expense.** TVA argues that it should not be required to "retroactively file" what we believe to be approximately eight missing quarterly spending reports and two annual reports because it was "free" to do whatever it wanted to do during the two-year period that the injunction was "not in effect" or "not in force" and because the Plaintiffs have allegedly "provided no reasoned basis as to why this information should be provided to them." We would contend to the contrary that TVA has "provided no reasoned basis" as to why it should be allowed to withhold this information. TVA's contention that we are requesting that the Injunction Order be given "retroactive" effect is not quite correct. Of course, the Injunction Order was dissolved, but as the Court of Appeals clearly held, it "should not have been dissolved." That being the case, neither should the reporting requirement, a key provision of the Injunction Order, have been dissolved. That being the case, we believe that the missing reports should be produced. Equity regards as done that which ought to have been done.

TVA takes issue with our statement that it should be required to give the Court and the Plaintiffs a "true picture of the situation" and asks the question "what 'situation?'" We think it is obvious that the "situation" is what we stated in our earlier Brief and that we have stated here: the situation as to what TVA did during the time that the injunction was dissolved but should not have been dissolved. TVA would take advantage of the Court's

error to play a game of hide-and-seek. We believe that the matter is simply part of the Court's supervision of the subject matter of the litigation. Although we may or may not be talking about discovery as one would find in a typical civil suit, we nonetheless believe that the factors set forth in Rule 26(b)(1) are instructive. TVA does not raise any claim of privilege, the material is relevant to the subject matter of the case and is proportional to the needs of the case: TVA would have minimal effort in providing the information. We will add that the Rule makes it clear that information "need not be admissible evidence to be discoverable."

TVA's reluctance to produce the information and its expressed concerns about contempt of Court seem to imply or at least leave a reasonable inference that the ever-secretive agency resumed clear-cutting the right-of-way while the injunction was lifted, thus continuing with what the Plaintiffs contend was a pre-determined result. We do not contend at this time that TVA was in contempt of court or that it has done anything improper in its actions while the injunction was dissolved, although that may well be the case. The Court's Order dissolving the injunction includes this provision:

> The Court notes that TVA has acknowledged that site-specific reviews will be required before TVA can begin implementing Alternative C in compliance with NEPA [*See* Doc. 468, p. 7]. The Court, of course, expects TVA to abide by this representation it has made to the Court, and follow through with preparing and publishing site-specific reviews before it begins implementing Alternative C. However, the Court does not find it

We are not aware of any such "site-specific reviews."[2] If it is true that TVA has not done the required "site specific reviews" it may well be in violation of the Court's expectation and Order. But whether TVA has or has not completed the required site-specific reviews, the missing reports are necessary to fill out the contours of the situation

---

[2] We are aware of two documents that purport to be "site-specific reviews" that appear on TVA's website, but the documents do not seem to fit the ordinary description of a "site-specific review." See https://www.tva.com/environment/environmental-stewardship/environmental-reviews/nepa-detail/transmission-system-incompatible-vegetation-removal-in-fiscal-year-2023 and https://www.tva.com/environment/environmental-stewardship/environmental-reviews/nepa-detail/transmission-system-vegetation-management-fiscal-years-22-and-23.

5

before the Court. We will add that we think it is of little importance whether this is a matter of "modifying" the injunction order or simply requiring TVA to do what it should have done under the terms of the existing injunction. It is information that should be before the Court, as we think the order from the Court of Appeals implies, and that this relief should be granted in either case.

We will further add that TVA is incorrect in arguing that this request is "premature." While TVA argues that the Court must proceed in a two-step fashion, first entering the order reinstating the injunction and then entertaining a motion to require it to file the missing reports, the question of whether the missing reports should be filed does not depend on the entry of the order reinstating the injunction. TVA does not provide any valid reason why the Court should not order it to produce the missing reports now, at the same time that it reinstates the injunction. The two-step process that TVA proposes is simply a waste of time.

**Posting the Sixth Circuit opinion on the website.** As noted above, we think it is self-evident that the Order of the Court of Appeals is a "subsequent substantive order" contemplated by the Injunction Order and that accordingly TVA should be required to post it in a prominent location on its website without further ado.

**The posting of the allegedly "jumbled paragraph."** In further reflecting on the language of the Injunction Order, the Plaintiffs do not believe that the wording is sufficiently definite to require TVA to post a separate explanation of the situation on TVA's website. Perhaps the Order should require TVA to do so, because the mere posting of the Order on the website, with no explanation, may not be understood by those to whom it is directed. By way of explanation, it is arguable that the final phrase of the sentence requiring posting is not an independent directive to TVA but is instead simply an explanation as to why the Court ordered TVA to post the order. At any rate, we would withdraw that aspect of our requested relief. We do request leave of court to file a subsequent motion asking for a revision to the Injunction Order should we deem that necessary.

Respectfully submitted,

s/ Donald K. Vowell
Donald K. Vowell, TN BPR # 6190

6

6718 Albunda Drive
Knoxville, TN 37919
865/292-0000
865/292-0002 fax
don@vowell-law.com
*Attorney for the Plaintiffs*

**Certificate of Service**

I hereby certify that on Nov. 10, 2022, a copy of the foregoing **pleading** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.