UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DONNA W. SHERWOOD, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:12-CV-156-TAV-DCP |
| | ) | |
| | ) | |
| TENNESSEE VALLEY AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

## AGREED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

The Court finds that Plaintiffs seek to review certain material in this lawsuit brought pursuant to the National Environmental Policy Act and the Administrative Procedure Act that contains depictions of TVA's transmission system and information about the locations of specific TVA transmission lines. TVA contends that this is critical infrastructure information that must be protected under federal law. TVA has agreed to produce this information [hereinafter "Confidential Material"] to Plaintiffs for purposes of this litigation only, subject to this Agreed Protective Order.

Accordingly, the Court being fully advised, IT IS HEREBY ORDERED as follows:

1. TVA shall produce the "Confidential Material" to counsel for Plaintiffs and shall place the word CONFIDENTIAL in a conspicuous manner on the material produced.

2. No person receiving "Confidential Material" pursuant to the terms of this Order shall make any use of the "Confidential Material" except solely for the purpose of prosecuting or defending claims in this action, including any appeals. "Confidential Material" shall not be used for any business, commercial, or other purpose whatsoever.

1

3. All material marked CONFIDENTIAL or any copy thereof shall only be disclosed to the following:

   a. The attorneys for the Plaintiffs or Defendants including client in-house counsel, and any office personnel for said attorneys, such as secretaries and legal assistants.

   b. Counsels' clients but only to the extent the clients' assistance is necessary for the purpose of prosecuting or defending claims in this action, including appeals, and is subject to the provisions of Paragraph 2 of this Order.

   c. Consultants or experts ("experts") retained to assist in this lawsuit, subject to the provisions of Paragraph 4 of this Order.

   d. Court officers and personnel.

   No copies, abstracts or summaries shall be made of any "Confidential Material" except by those individuals identified in this paragraph, and any copies, abstracts or summaries shall be deemed "Confidential Material" with such marking as described in Paragraph 1 affixed thereon.

4. "Confidential Material" may be disclosed to experts retained to assist in this lawsuit so long as the attorney has informed the expert of the terms of this Order and has delivered a copy of the Order and the certificate of confidentiality attached hereto, which shall be read and signed by the expert before the disclosure of any material marked "Confidential." The attorney shall retain said certificate and provide copies to opposing counsel upon request.

5. The recipient of any "Confidential Material" that is provided pursuant to this Order shall maintain such "Confidential Material" in a secure and safe area; shall exercise due and proper care with respect to the storage, custody, and use of all "Confidential Material"; and shall not reveal, discuss, or disclose such "Confidential Material" in any manner, in any form, to

any person or entity other than as provided in this Order.

6. Any "Confidential Material" that is included with, or if the contents thereof are disclosed in, any pleading, motion, or other paper filed (electronically or otherwise) with the Court or any appellate court, shall be filed under seal under the applicable rules for filing (electronic filing or traditional paper filing) in that court. "Confidential Material" used in Court shall not lose its confidential status through such use.

7. Once "Confidential Material" has been placed under seal by the Court, it shall remain under seal until further order of the Court upon motion or application of any party or interested person and after *in camera* inspection by the Court.

8. Nothing in this Protective Order shall be deemed to preclude any party from seeking, by consent or on an appropriate showing to the Court, lesser or greater protection with respect to the confidentiality of the "Confidential Material"

9. Nothing disclosed pursuant to the terms of this Protective Order or designated as "Confidential Material" shall be construed as an admission that such material, or any testimony in respect of such material would be admissible in evidence in this litigation or in other proceedings.

10. Nothing in this Protective Order shall limit in any manner a party's own use of materials or documents designated by it to be "Confidential Material."

11. It is the intention and agreement of the Parties that all "Confidential Material" shall be used only in connection with the prosecution or defense of this action and for no other purpose.

12. Within thirty (30) days of the conclusion of the final disposition of this litigation, all "Confidential Material" and all copies, abstracts or summaries, received under the protection

of this Order will be returned to the producing party or destroyed at the option of the producing party with the exception of attorney work product. The provisions of this Protective Order insofar as they restrict the communication and use of "Confidential Material" shall continue to be binding after the conclusion of this litigation against all parties and individuals receiving "Confidential Material." Said provisions shall remain in effect after the conclusion of this litigation without further permission of the producing party or further order of this Court.

13. Nothing contained in this Order shall be construed to restrict the use or disclosure of "Confidential Material" by the party producing that information or to prevent any party from interposing an objection to a request for discovery.

14. If a non-designating party in possession of "Confidential Material" receives a subpoena or other request seeking production or other disclosure of "Confidential Material," that party shall immediately give written notice to counsel for the designating party identifying the "Confidential Material" sought and the date and time production or other disclosure is required. Counsel for the designating party shall take any and all action deemed reasonably necessary to protect the "Confidential Material" from disclosure within ten (10) business days of receipt of the written notice. In no event should production or disclosure be made without written approval by counsel of the designating party or by further order of the Court within said ten (10) day period. Upon the expiration of the ten (10) day period, if counsel for the designating party has failed to take appropriate action to protect the "Confidential Material" from disclosure, the non-designating party may comply with the subpoena or other request seeking production or other disclosure.

15. The parties reserve their rights to contest any requests or subpoenas for documents or testimony and to assert applicable privileges. The inadvertent production of any

confidential or privileged or otherwise protected document, material or information should not be deemed a waiver or an impairment of any claim of privilege or protection. In the event of an inadvertent production of any document, material or information claimed to be confidential or protected by the attorney-client privilege, work product doctrine, and/or any other applicable protection or privilege, the following procedures shall be followed. The designating parties shall make written demand upon the receiving party to return such inadvertently produced documents, materials, or information. Upon demand by the designating party, all such documents, material or information and any copies, duplications, extracts, and summaries thereof shall be returned to the designating party within three (3) business days, with the non-designating party to retain full right to challenge the claim of inadvertent disclosure according to law. The designating party shall maintain the specified documents, material or information for *in camera* inspection by the Court should a motion to compel production be filed.

16. The failure of a party to object to the designation of material as "Confidential Material" shall not be argued or accepted as an admission that such material is in fact entitled to be treated as "Confidential Material." This Order does not create a presumption that material designated as "Confidential Material" actually constitutes a trade secret, or proprietary or otherwise protectable confidential information.

17. Any non-party to this litigation that is served with a subpoena duces tecum in connection with this action may produce documents pursuant to said subpoena under the terms of the Order, provided that such non-party is furnished with a copy of this Order and agrees to be bound thereby with respect to the designation and treatment of "Confidential Material."

All parties and attorneys of record in this action, and all other persons and entities possessing or granted access to "Confidential Material" pursuant to this Order shall be bound

by this Order. The Court may impose sanctions on any person or entity possessing or granted access to "Confidential Material" pursuant to this Order who discloses or uses the "Confidential Material" for any purpose other than as authorized by this Order or who otherwise violates the terms of this Order. The Court retains and shall have jurisdiction over the parties and recipients of the "Confidential Material" for enforcement of the provisions of this Order following termination of this litigation.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge